UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD WILSON,

    Plaintiff,

vs.      Case No. 17-11818

INTERNATIONAL BROTHERHOOD      HON. AVERN COHN
OF CARPENTERS, LOCAL 687,

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (Doc. 13)**
**AND**
**DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (Doc. 9)**
**AND**
**DISMISSING CASE WITHOUT PREJUDICE**[1]

I.

This is an employment discrimination case. Plaintiff, proceeding pro se, filed a complaint against defendant (the Union) claiming race discrimination. Plaintiff contends that the Union failed to refer plaintiff for jobs and failed to process a grievance against a third party contending the third party delayed hiring him and eventually fired him due to his race. Plaintiff is now represented.

Before the Court is plaintiff's motion to voluntary dismiss the complaint and the Union's motion to dismiss. (Docs. 9, 13). The key issue is whether the complaint should be dismissed with or without prejudice. For the reasons that follow, plaintiff's motion is GRANTED, the Union's motion is DENIED AS MOOT. This case is

---

[1] Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

DISMISSED WITHOUT PREJUDICE.

II.

About a month after plaintiff filed the complaint, the Union, while plaintiff was still unrepresented, filed a motion to dismiss on the grounds that (1) the charge plaintiff filed with the EEOC was for sexual harassment, not race discrimination, (2) the Union was not liable for any employment decisions, (3) the NLRB had jurisdiction over this matter.

Shortly after the Union filed its motion, plaintiff obtained counsel. Plaintiff, through counsel, then filed a response to defendant's motion to dismiss and a motion to voluntarily dismiss the complaint.

III.

Federal Rule of Civil Procedure 41(a) (2) provides that, once an answer or motion for summary disposition has been filed, a matter may be voluntarily dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a voluntary dismissal pursuant to Rule 41(a)(2) is a matter within the district court's discretion. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.1994). In determining whether to grant a dismissal without prejudice, the Court should consider whether the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice. Id. (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)) (internal quotation marks omitted). The prospect of a second lawsuit, by itself, is insufficient to establish "plain legal prejudice." Id.

Here, the Union does not object to dismissal, but contends that the dismissal should be with prejudice in light of its meritorious motion to dismiss. Plaintiff contends

that the dismissal should be without prejudice.

Plaintiff has the better view, particularly in light of the fact that plaintiff initiated the lawsuit pro se and has since obtained counsel. While the Union says it filed a meritorious motion to dismiss, the motion was filed based on a pro se complaint. Plaintiff is now represented. Given the presence of counsel, it would seem any defects noted in the motion to dismiss would be cured in the event plaintiff's counsel files a new complaint.

The Union also says that in the event of a dismissal, the Court should award the costs associated with defending the case. Factors considered in determining whether to award defense costs under Rule 41(a)(2) are: (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action. Yetman v. CSX Transp., Inc., No. 08-1130, 2009 WL 35351, at *3 (W.D. Mich. Jan. 6, 2009) (internal citation omitted). Considering these factors under the circumstances set forth above, the Union is not entitled to costs.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2017
Detroit, Michigan